E-FILED
Wednesday, 25 February, 2009  03:58:46 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 98-CR-20056** |
| | ) | |
| VINCENT L. YOUNG, | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION

_____

On June 5, 2008, Defendant, Vincent L. Young, filed a pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#52).  That same day this court appointed the Federal Defenders Office to represent Defendant. Federal Defender Staff Attorney William C. Zukosky became Defendant's appointed counsel.  On October 3, 2008, Defendant, through attorney Zukosky filed a Motion for Suspension of Time (#54) within which to file an amended motion or other appropriate motion due to the United States Court of Appeals for the Seventh Circuit's impending decision in United States v. Monica Poole, Appeal Number 08-2328.  This court granted that motion, suspending the filing deadlines in the case.  The Seventh Circuit subsequently rendered its decision in a published opinion as United States v. Poole, 550 F.3d 676 (7th Cir. 2008).  On January 20, 2009, Defendant's counsel filed a Motion to Withdraw as Counsel (#56).  On February 18, 2009, Defendant, acting pro se, filed a Motion to Proceed Pro Se Due to Counsel's Request to Withdraw From Case (#57).  However, Defendant's pro se motion also acts as his pro se motion for reduction of sentence, as he argues why his sentence should be

reduced despite the amendments to the crack cocaine sentencing guidelines not applying to his situation. For the following reasons, this court GRANTS defense counsel's Motion to Withdraw as Counsel (#56).  Further, this court GRANTS Defendant's Motion to Proceed Pro Se but then DENIES the portion of Defendant's Pro Se motion arguing that he is entitled to sentence reduction despite the crack cocaine amendments not applying (#57).

BACKGROUND

On October 22, 1998, Defendant pleaded guilty to one count of possession of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  The offense carried a statutory mandatory minimum penalty of life imprisonment.  The Pre-Sentence Report (PSR), which this court adopted at sentencing on April 16, 1999, reported that Defendant was accountable for 348 grams of crack and 862.9 grams of powder cocaine, for a combined total of 7,132.58 kilograms of marijuana equivalent drugs, resulting in a base offense level of 34.  With two prior felony drug convictions, however, Defendant was classified as a career offender with an offense level set at 37 pursuant to U.S.S.G. § 4B1.1.  Applying a 3-level downward adjustment for acceptance of responsibility and timely guilty plea, the PSR reported a total offense level of 34.  Defendant's criminal history category was VI, leading to an initial guideline imprisonment range of 262 to 327 months.  Under United States Sentencing Guideline § 5G1.1(b), however, because the statutory mandatory minimum sentence was greater than the maximum of the initial guideline range, the guideline sentence became life in prison.  Defendant was ultimately sentenced to a total term of 327 months in the Bureau of Prisons.  Defendant's sentence departed from the guidelines range upon the motion of the government as a result of Defendant's substantial assistance.

On June 5, 2008, Defendant filed his pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#52). Defense counsel Zukosky was subsequently appointed. Following the Seventh Circuit's decision in Poole, defense counsel filed his Motion to Withdraw as Counsel (#56). In the Motion, defense counsel asserts that the reductions available under the amendments to the Sentencing Guidelines do not apply in Defendant's case because Defendant's sentence was based on the career offender guidelines, and not on the Sentencing Guidelines for crack offenses. Defense counsel notes that this view is supported by the Guidelines themselves and the Seventh Circuit in Poole and the Eleventh Circuit in United States v. Moore, 541 F.3d 1323 (11th Cir. 2008) and First Circuit in United States v. Ayala-Pizarro, 2008 WL 5338459 (1st Cir., Dec. 23, 2008). On February 18, 2009, Defendant, acting pro se, filed a Motion to Proceed Pro Se Due to Counsel's Request to Withdraw From Case (#57). However, the motion (#57) also contained Defendant's argument as to why the career offender guidelines did not apply to him.

## ANALYSIS

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)

to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10 comment n. [1(A)].

In the Poole case, the defendant, following the reduction of her sentence for distributing five or more grams of crack, moved for a further sentencing reduction based on reduction in base offense level for crack offenses.  The district court denied her motion to modify based on 18 U.S.C. § 3582(c)(2) on the ground that she was ineligible for a reduction.  Poole, 550 F.3d at 678.  The defendant appealed, arguing that her sentence was based on a sentencing range subsequently lowered by the Guidelines Amendment 706 pertaining to crack offenses.

The Seventh Circuit rejected the defendant's argument.  The sole issue on appeal for the Seventh Circuit was whether the district court had jurisdiction to revisit the defendant's sentence based on Amendment 706.  Poole, 550 F.3d at 678.  The Seventh Circuit found that the defendant's sentence was based on a statutory mandatory minimum, not a sentencing range that Amendment 706 lowered.  The court noted that the district court judge initially calculated a guidelines range of 87-108 months, however a prior felony court conviction subjected the defendant to a statutory minimum sentence of 120 months.  Because under U.S.S.G. § 5G1.1(b) the statutory minimum exceeded the otherwise applicable guideline range, the statutory minimum became the defendant's guidelines sentence.  Poole, 550 F.3d at 678.  The court concluded that while Amendment 706 lowered the

-4-

defendant's base offense level, it did not lower the sentencing range on which her sentence was actually based- a statutory mandatory minimum sentence of 120 months in prison.

The court also rejected the defendant's argument that 706 applied because her *initial* sentence was calculated based on the guidelines range now altered by the amendment.  The court reasoned that once the statutory minimum sentence was factored in, the initial guidelines calculation became academic, stating that:

> "A sentence is not 'based on' a range that Amendment 706 subsequently lowered for purposes of a § 3582(c)(2) motion if the defendant was ultimately sentenced pursuant to a statutory minimum, even if the district court initially calculated an otherwise applicable range that the amendment lowered." Poole, 550 F.3d at 679.

The court then went on to cite Note 1(A) from U.S.S.G. § 1B1.10 and affirm the defendant's sentence, concluding that the district correct was correct that it lacked jurisdiction to revisit the defendant's sentence when her sentence was based on a statutory mandatory minimum.  Poole, 550 F.3d at 680-81.

In Poole, the Seventh Circuit also cited favorably to United States v. Moore, 541 F.3d 1323, where the Eleventh Circuit held that:

> "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.  Here, although Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they

were sentenced as career offenders § 4B1.1.  Accordingly, we affirm the denials of

the defendants' motions."  Moore, 541 F.3d at 1330.

More recently, the Seventh Circuit addressed this issue in United States v. Forman, 553 F.3d

585 (7th Cir. 2009).  In that case, the defendant, Gregory Forman, plead guilty to distributing crack.

Given the amount of crack attributable to him, his base offense level would have been 28, but

Forman was also a career offender, a classification that increased his base offense level to 34 and

placed him in a criminal history category of VI.  That combination produced a guidelines range of

262 to 327 months, and the court imposed 262 months' imprisonment.  Forman later asked the

district court to reduce his sentence pursuant to § 3582(c)(2) in light of Amendment 706, and the

court appointed the Federal Defender to represent him.  Counsel moved to withdraw after

concluding that the amendment did not lower his applicable guideline range, which was driven

entirely by his career-offender status.  The district court allowed counsel to withdraw but invited

Forman to proceed pro se and to explain how Amendment 706 benefitted him.  The court denied his

pro se explanation, saying Forman could not receive a reduction in his sentence because his sentence

was based on the career offender guideline rather than the crack guideline range.  Forman, 553 F.3d

at 589-90.

The Seventh Circuit rejected Forman's appeal, stating:

"He cannot prevail in his pursuit of a lesser sentence because Amendment

706 provides no benefit to career offenders.  Forman's guidelines range was 262 to

327 months before Amendment 706, and it remains so.  Here, 'the amendment does

not have the effect of lowering the defendant's applicable guideline range because

of the operation of another guideline' – namely the career offender provision.

U.S.S.G. § 1B1.10, cmt. n.1(A)." Forman, 553 F.3d at 589-90..

In the instant case, Defendant's situation is similar to that of the defendants in Poole and Forman. Defendant was sentenced not based on a guideline range altered by Amendment 706, but rather the sentence was calculated based on the career offender guideline. Thus, this court lacks jurisdiction to revisit Defendant's sentence and a reduction in sentence would be otherwise inconsistent with U.S.S.G. § 1B1.10 and therefore not authorized under 18 U.S.C. § 3582(c)(2). Defense counsel's Motion to Withdraw as Counsel (#32) is GRANTED.

The situation in the instant case is a little unusual. Usually, once the court grants the attorney's Motion to Withdraw and the defendant is allowed to proceed pro se, the court affords the defendant 30 days to file a pleading that either (a) concedes the amendment does not apply because the sentence was based on a statutory mandatory minimum or career offender guideline or (b) explains why the Amendment applies in spite of the sentence being calculated based on the career offender guideline. In this case, Defendant filed his Motion to Proceed Pro Se (#57) setting out his reasons why he was not a career offender. Therefore, the court will GRANT his Motion to Proceed Pro Se and allow Defendant to proceed pro se. The court will now consider Defendant's argument that he was improperly sentenced as a career offender.

In his motion, Defendant first argues that he was not given a reduced sentence pursuant to Rule 35 of the Federal Rules of Civil Procedure or United States Sentencing Guidelines § 5K1.1. However, the record shows that Defendant was subject to a statutory life sentence, but received only a 327 month sentence. Defendant received a downward departure from a statutory life sentence.

Defendant's other contention is that he was improperly sentenced as a career offender, contending that he should have only one prior conviction, as two Macon County cases for which he was convicted of possession of a controlled substance should be considered "related cases."  It should be noted that these objections were raised at sentencing by Defendant's original attorney and rejected by this court.  Upon further review of Defendant's motion and the Pre-Sentence Report and judgment order from the sentencing, the court sees no reason to disturb its original judgment. Defendant was properly sentenced as a career offender.

IT IS THEREFORE ORDERED:

(1) Defense counsel's Motion to Withdraw (#56) is GRANTED.  Counsel is allowed to withdraw and Defendant is allowed to proceed pro se.

(2) Defendant's Motion to Proceed Pro Se (#57) is GRANTED and Defendant is allowed to proceed pro se.  However, the portion of Defendant's Motion (#57) arguing that he is not a career offender and thus eligible for a reduction under the crack cocaine sentencing guideline amendments is DENIED.  The pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c)  (#52) is also DENIED.

(3) Defendant has 10 days from the date of this Opinion to file a Notice of Appeal with the clerk of this court.

ENTERED this 25th day of February, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE